Thomas A. Runk (SBN 101306)
trunk@brookskushman.com
**BROOKS KUSHMAN P.C.**
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071-2231
Tel.: (213) 622-3003

Christopher C. Smith (SBN 238882)
csmith@brookskushman.com
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI 48067
Tel.: (248) 358-4400

*Attorneys for Plaintiff
Kitsch LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Kitsch LLC, a Delaware company,<br><br>       Plaintiff,<br>v.<br><br>Dispensing Technologies B.V., a Netherlands company,<br><br>       Defendant. | Case No.   2:25-cv-1071<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL** |

COMPLAINT

# COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND

Plaintiff Kitsch LLC ("Kitsch"), by and through its undersigned counsel, for its Complaint against Dispensing Technologies B.V. ("Dispensing Technologies" or "Defendant"), states as follows:

## I. PARTIES

1. Plaintiff Kitsch is a Limited Liability Company organized under the laws of Delaware, having a principal place of business at 5301 Rosewood Avenue, Los Angeles, California 90004.

2. On information and belief, Defendant Dispensing Technologies is a private limited company organized under the laws of the Netherlands, having a principal place of business at Achtseweg Zuid 151B, 5651 GW Eindhoven, the Netherlands.

## II. JURISDICTION AND VENUE

3. As detailed below, an actual case or controversy exists between Kitsch and the Defendant as to whether Kitsch has infringed or is infringing one or more valid and enforceable claims of U.S. Patent No. 9,714,133 (the "'133 Patent").

4. The Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5. Venue and personal jurisdiction are appropriate in this Court under 28 U.S.C. §§ 1391(b) and 1400(b) because a substantial part of the events and omissions giving rise to Kitsch's claims occurred in this District and Defendant does business in this District. Venue is further proper under 28 U.S.C. §1381(c)(3) as defendant does not reside in the United States.

6. A case or controversy exists between Kitsch and Defendant because Defendant has accused Kitsch of patent infringement and has filed a request for Amazon Patent Evaluation Express ("APEX") with Amazon.

7. Upon information and belief, Defendant does business in this state and in this District.

### III. FACTUAL BACKGROUND

**A. Kitsch and Kitsch's Spray Bottle Products**

8. Kitsch is a leading accessories manufacturer with products including, hair ties, headbands, and jewelry, including rings, necklaces, earrings and other fashion accessories. Today, Kitsch products can be found in over 2,000 locations worldwide and has sold to large retailers such as Nordstrom, Anthropologie, Free People, Kitson, Urban Outfitters, Paper Source, W Hotels, Francesca's and more. Kitsch additionally operates an e-commerce website that serves thousands of retail customers worldwide.

9. One of the many accessories Kitsch designed and manufactures is a continuous mist spray bottle, an example of which is shown below:



10. Among other venues, Kitsch advertises and sells its spray bottles on Amazon.

**B.    Defendant's Patent**

11. Defendant sells a spray bottle under the trade name Flairosol. Upon information and belief, the majority of Defendant's sales of its Flairosol spray bottles are made on Amazon.com.

12. Upon information and belief, Defendant is the owner of '133 Patent, which was filed on September 20, 2012 and matured into a patent on July 3, 2017. A true and correct copy of the '133 Patent is attached hereto as Exhibit 1.

13. The '133 Patent is entitled "Method and Active Sprayer Devices with Aerosol Functionality ('Flairosol II')" and contains thirteen claims that are generally directed to a liquid dispensing device. (*See* Exhibit 1 at claims.)

14. Claim 1 of the '133 Patent is an independent claim and is reproduced below:

    A liquid dispensing device, comprising:

    a pressure chamber and a dispensing head;

    said pressure chamber comprising a pressure spring and a pressure piston; and

    said dispensing head comprising:

    a piston and a piston chamber,

    a trigger operatively connected to the piston,

    a channel in fluid communication with the pressure chamber;

    a piston chamber outlet valve provided between said channel and said piston chamber;

    an outlet valve; and

    an outlet channel,

  wherein the piston chamber outlet valve is arranged to be closed by fluid pressure in the channel and the pressure chamber.

(Exhibit 1 at Claim 1.)

  15. The Kitsch spray bottle does not meet all of the limitations of Claim 1 of the '133 Patent. In particular, Clam 1 requires "an outlet valve." The only disclosure in the specification for an outlet valve, however, is a dome valve. (Exhibit 1 at col. 5, ll. 63-64 and col. 14, ll. 7-9.) This is confirmed by the figures, which define the outlet valve as a dome valve:

 

(*Id.* at Figs. 9 and 12.)

16. The Kitsch spray bottle, however, does not include a dome valve. More specifically, the Kitsch spray bottle does not include a deformable membrane or pressure chamber as required by the dome valve of claim 1 of the '133 Patent. This is demonstrated by the image below which shows an exploded view of the portion of the Kitsch spray bottle that includes the spray nozzle components:



17. Because the Kitsch spray bottle does not contain at least one element of Clam 1 of the '133 Patent, the Kitsch spray bottle does not infringe claim 1 of the '133 Patent.

## C. Communications between Plaintiff and Defendant

18. On or around November 7, 2024, Defendant, through its attorneys, sent a letter to Kitsch accusing Kitsch of infringing the '133 Patent. A true and correct copy of this letter is attached hereto as Exhibit 2. The letter also stated:

> If we do not hear from you by November 14, 2024, Dispensing Technologies will protect its intellectual property rights including the '133 Patent by any appropriate method without further notice to Kitsch, including by seeking removal of the Infringing Product from Amazon.com via an APEX Evaluation. As of the date of this letter, Kitsch's infringement of the '133 Patent will undeniably be considered willful. Should Kitsch continue its infringement beyond the date of this letter, Dispensing Technologies may pursue special damages in view of Kitsch's intentional and willful infringement.

(Exhibit 2 at 2.)

19. On or around November 27, 2024, Kitsch responded to Defendant's July 7, 2024 letter explaining why Defendant's allegations were unfounded. A true and correct copy of this letter is attached hereto as Exhibit 3.

20. On or around January 20, 2025, Defendant submitted a request with Amazon seeking APEX on claim 1 of the '133 Patent. A true and correct copy of this notice is attached hereto as Exhibit 4.

21. APEX is an extrajudicial proceeding conducted by Amazon in which a neutral patent attorney evaluates a claim of patent infringement and then offers an opinion on whether infringement has occurred. As this is an accelerated proceeding, the parties are extremely limited in what they can submit to the evaluator during APEX. In particular, "[n]o discovery . . . will occur in the Evaluation, nor will there be a trial or hearing." (Exhibit 4 at 7.) Moreover, the sellers in APEX are only allowed to defend themselves on the basis of non-infringement; arguments regarding

invalidity or unenforceability are only allowed if the seller can provide "a finding by a court of competent jurisdiction, or by the U.S. Patent Office, or the U.S. International Trade Commission ('ITC'), that the asserted patent claim is invalid or unenforceable." (*Id.*) If the evaluator decides that infringement has occurred, then Amazon will remove the infringing product from its website. In other words, an accused infringer in APEX has far fewer rights than an accused infringer in a court proceeding yet a negative result in APEX results in the equivalent of a permanent injunction against the accused infringer's product on Amazon.

22. In light of Defendant's cease and desist letters and its request that Amazon conduct APEX against Kitsch, an actual case or controversy exists between the parties.

### IV.  COUNT I
### DECLARATION OF NON-INFRINGEMENT

23. Kitsch repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

24. As described herein, an actual case or controversy exists between Kitsch and Defendant at least because Defendant filed a request for APEX against Kitsch.

25. As described herein, Kitsch is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any valid and enforceable claims of the '133 Patent.

26. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Kitsch requests a declaration from the Court that Kitsch does not and has not infringed the '133 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a. A declaration that Kitsch does not infringe and has not infringed any claims of the '133 Patent;

b. A declaration that this is an exceptional case and award Kitsch its costs, disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

c. Such other and further relief as the Court may deem just and proper.

Dated: February 7, 2025

Respectfully submitted,

By: */s/ Thomas A. Runk*
Thomas A. Runk (SBN 101306)
trunk@brookskushman.com
BROOKS KUSHMAN P.C.
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071-2231
Tel.: (213) 622-3003

Christopher C. Smith (SBN 238882)
csmith@brookskushman.com
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI 48067
Tel.: (248) 358-4400

*Attorneys for Plaintiff*

# JURY DEMAND

Plaintiff Kitsch LLC demands trial by jury of all issues in this action so triable.

Dated: February 7, 2025

Respectfully submitted,

By: */s/ Thomas A. Runk*
Thomas A. Runk (SBN 101306)
trunk@brookskushman.com
BROOKS KUSHMAN P.C.
515 S. Flower Street, Suite 1800
Los Angeles, CA  90071-2231
Tel.: (213) 622-3003

Christopher C. Smith (SBN 238882)
csmith@brookskushman.com
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI 48067
Tel.: (248) 358-4400

*Attorneys for Plaintiff*